UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

RALPH RODRIGUEZ,

                                                Plaintiff,     **STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

-against-

THE CITY OF NEW YORK, DEPARTMENT OF    15-CV-07945 (ALC) (SDA)
CORRECTIONS, OFFICER GRIFFIN (SHIELD
4901), OFFICER GANT (SHIELD 13257), CAPTAIN
PLASKETT (SHIELD 649), CAPTAIN CAIN
(SHIELD 994), JOHN AND JANE DOE OFFICERS
1-10, AND JOHN AND JANE DOE CAPTAINS 1-
10,

                                                Defendants.
------------------------------------------------------------------- x

**WHEREAS** Plaintiff Ralph Rodriguez ("Plaintiff") filed a Third Amended Complaint on or about March 30, 2018 against the City of New York, the New York City Department of Correction, Officer Griffin,[1] Officer Gant, Captain Plaskett, Captain Cain, "John and Jane Doe Officers 1-10," and "John and Jane Doe Captains 1-10" in the above-referenced action (collectively, "Case No. 15-CV-07945 Defendants") alleging violations of Plaintiff's federal civil rights and state common law rights (the "Instant Action");

**WHEREAS** Plaintiff commenced an action against the City of New York, "Orlandi Badge Number 18530," "Anagnosto Badge Number 18404," "Caines Badge Number 16117," "Rabosa Badge Number 1548," "Miller Badge Number 18105," "Dennis Badge Number 1527," "AMKC Mail Room Officer/Supervisor," John Doe 1-7," "Jane Doe 1-2," and Warden M. Mingo (collectively, "Case No. 16-CV-05497 Defendants," and together with Case No. 15-CV-07945

---

[1] Although the caption of the Complaint refers to defendant Officer "Griffin," the defendant's name is "Griffith." He is referred to by his proper name throughout the settlement papers.

Defendants, the "Defendants") in the Southern District of New York, pending under docket no. 16-CV-05497 (LAP) (the "Second Action," and together with the Instant Action, the "Actions");

**WHEREAS** Defendants deny any and all liability arising out of Plaintiff's allegations in the Actions; and

**WHEREAS** Plaintiff and Defendants (collectively, "the Parties") now desire to resolve the issues raised in the Actions without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, through the undersigned, as follows:

1. The Actions are dismissed with prejudice and without costs, expenses, or fees in excess of the amount specified in paragraph "3" below.

2. Plaintiff shall execute a separate Stipulation and Order of Dismissal with prejudice in the Second Action.

3. The City of New York hereby agrees to pay Plaintiff THIRTY TWO THOUSAND DOLLARS AND ZERO CENTS ($32,000.00) in full satisfaction of all claims, including claims for damages, costs, expenses, and attorneys' fees that were or could have been raised in either of the Actions.

4. In consideration of the payment of the amount set forth in paragraph "3" above, Plaintiff agrees to dismiss and discontinue, with prejudice, all claims against Defendants in both of the Actions and to release and discharge Defendants and their successors or assigns; and all present and former officials, employees, representatives, agents, and affiliates of the City of New York and the New York City Department of Correction; and/or any entity represented by the Office of the Corporation Counsel, and their successors or assigns, from any and all liability, claims, demands, causes of action, obligations, damages, grievances and liabilities whatsoever of every

kind and nature, at law or in equity, whether joint or several, whether known or unknown, and whether or not discoverable, which Plaintiff may have resulting from anything that has happened from the beginning of the world to the date of the General Release, including, but not limited to, any and all liability, claims, or rights of action which were or could have been alleged by Plaintiff in the aforementioned Actions arising out of the facts and events alleged in the Complaints in the Actions and including but not limited to all claims for attorneys' fees, expenses, and costs.

5. Plaintiff shall be responsible for the payment of any federal, state and/or local taxes on the payment specified in paragraph "3" above.

6. Plaintiff shall execute and deliver to Defendants' undersigned attorney all documents necessary to effect this settlement, including a General Release based on the terms of paragraphs "3" and "4" above, an Affidavit Concerning Liens, and a Substitute W-9 form. Plaintiff's counsel, Holwell Shuster & Goldberg LLP, shall execute and deliver a Release to Defendants' undersigned attorney. The payment set forth in paragraph "3" above is subject to and conditioned on delivery of all necessary documents to Defendants' undersigned attorney.

7. Nothing contained in this Stipulation and Order shall be deemed to be an admission by Defendants that they have in any manner or way violated Plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules, and/or regulations of the United States, the State of New York, or the City of New York, or any other rule, regulation or bylaw of any department, agency, or subdivision of the City of New York.

8. This Stipulation and Order shall not be admissible in, nor is it related to, any other litigation or settlement negotiation, except the Second Action and for the purposes of enforcement of the terms of the agreement contained herein.

9. Nothing contained in this Stipulation and Order shall be deemed to constitute a policy or practice of the City of New York or any agency of the City of New York.

10. Facsimile and/or photocopied signatures on this Stipulation and Order shall have the same effect as original signatures.

11. This Stipulation and Order contains all of the terms and conditions agreed upon by the Parties, and no oral agreement entered into at any time, nor any written agreement entered into prior to the execution of this Stipulation and Order, regarding the subject matter of the instant action shall be deemed to exist, to bind the Parties, or to vary the terms and conditions contained in this Stipulation and Order.

Dated:  New York, New York
       May 8, 2019

HOLWELL SHUSTER & GOLDBERG LLP
Attorneys for Plaintiff
425 Lexington Avenue
New York, New York 10017
(646) 837-5158
edelucia@hsgllp.com

By: _____
Eileen Monaghan DeLucia

ZACHARY W. CARTER
Corporation Counsel for the City of New York
Attorney for Defendants
100 Church Street, Room 2-182
New York, New York 10007
(212) 356-4377
lkorolev@law.nyc.gov

By: _____
Lana Koroleva
Assistant Corporation Counsel

SO ORDERED:

_____
HONORABLE ANDREW L. CARTER
UNITED STATES DISTRICT JUDGE